UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

_____

In re:                                          ]
                                                ]
PANCHITA BELLO,                                 ]        Case No. 16-00130
                                                ]        (Chapter 11)
                          Debtor.               ]
_____]

## CHAPTER 11 PLAN OF REORGANIZATION

TO THE HONORABLE S. MARTIN TEEL, JR., BANKRUPTCY JUDGE:

COMES NOW Panchita Bello ("Debtor"), debtor in possession in the above-captioned case,

by and through her undersigned attorneys, the Law Offices of Jeffrey M.  Sherman, and hereby

proposes this plan of reorganization pursuant to the provisions of Chapter  11 of Title 11 of the

United States Code.

## A.  DEFINITIONS

For purposes of this Plan (as hereinafter defined), the following terms shall have the

meanings hereinafter set forth:

Administrative Claim or Expense:   A Claim Allowed under §503(b) of the Code that is

entitled to priority in payment under §507(a)(1) of the Code.

Allowed Claim:   A Claim (as defined hereinafter and with reference to §101(4) of the

Bankruptcy Code): (a) in respect of which a Proof of Claim has been filed with the Bankruptcy

Court within the applicable period of limitations fixed by applicable law, Bankruptcy Rule or

Court order; or (b) which is listed in the Schedules (defined hereinbelow) filed by the Debtor with

the Bankruptcy Court, including any amendments thereto, and which is not listed as  disputed,

contingent or unliquidated as to amount; and further, as to any Claim, either no  objection to the

1

allowance of which has been filed or, if any objection to the allowance thereof  has been filed, such

objection has been denied or the claim fixed as to amount by an order or  judgment which has

become final by reason of the expiration of the period of appeal therefrom or  from any decision on

appeal without an appeal or further appeal having been taken.

<u>Allowed Interest</u>:   The interest of a holder of equity securities of the Debtor, to the extent of

such holding.

<u>Bankruptcy Code</u>:   Title 11 of the United States Code ("U.S.C.") as enacted by the

Bankruptcy Reform Act of 1978, Public Law 95-598, as amended through the date of the Plan,  and

such portions of Titles 18 and 28, U.S.C., as are applicable to this case.

<u>Bankruptcy Court</u>:   The United States Bankruptcy Court for the District of Columbia.

<u>Bankruptcy Rules</u>:   Includes (a) the Federal Rules of Bankruptcy Procedure, as promulgated

by the Supreme Court or the Judicial Conference of the United States, as amended  or revised, and

as may be applicable to this case; and (b) the local rules of the Bankruptcy Court  applicable to

cases pending before the Bankruptcy Court as the same may from time to time be in  effect and

applicable to proceedings under the Plan.

<u>Claim</u>:   Includes: (a) a right to payment, whether or not such right is reduced to judgment,

liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed,   legal,

equitable, secured or unsecured; (b) a right to an equitable remedy for breach of  performance if

such breach gives rise to a right to payment, whether or not such right to an  equitable remedy is

reduced to a judgment fixed, contingent, matured, unmatured, disputed, undisputed, secured or

unsecured; or (c) a claim arising under §502(g) of the Bankruptcy Code.  This definition is not

intended to modify or alter the definition of "claim" in §101(4) of the  Bankruptcy Code.

<u>Class</u>:   The Classes created under §1122 of the Bankruptcy Code into which an Allowed

2

Claim or Allowed Interest is placed pursuant to this Plan.

Confirmation:   The entry of the order of confirmation of the Plan under §1129 of the

Bankruptcy Code.

Creditor:   Any party or entity having a Claim against the Debtor, including but not limited

to holders of Administrative Claims, Priority Claims, Tax Claims, Secured Claims, and   Unsecured

Claims, subject to being Allowed Claims as defined herein.

Effective Date:   The first business day of the first full calendar month following the entry of

an Order of Confirmation, if the Order has become final. The Order of Confirmation shall be

considered final upon the earliest to occur of any of the following: (a) the time for any appeal has

expired and no appeal has been filed timely in accordance with the applicable Bankruptcy Rules; (b)

any appeal that has been timely filed has been dismissed or determined in favor of   confirmation

and no further appeal has been taken within the time permitted for doing so; or (c)   an appeal has

been timely taken but the Order of Confirmation has not been stayed.

Order of Confirmation:   The Order entered by the Bankruptcy Court confirming this Plan or

any modification hereof, in accordance with the provisions of Chapter 11 of the Bankruptcy  Code.

Petition Date:   The date on which the Debtor filed his petition for relief under Chapter 11 of

the Bankruptcy Code, i.e., May 1, 2015.

Plan:   This Plan of Reorganization in its present form or as it may hereafter be amended or

modified.

Priority Claim:   An Allowed Claim entitled to priority pursuant to §507(a) of the

Bankruptcy Code, other than Tax Claims and Administrative Claims.

Schedules:   The Schedules of Assets and Liabilities, Statement of Financial Affairs, and

any lists of creditors, list of equity security holders, and list of executory contracts, and any

3

amendments thereto, to the extent filed by or on behalf of the Debtor, as the context may dictate.

Secured Claim:    An Allowed Claim against the Debtor incurred prior to its Petition Date which is secured by a valid lien, mortgage or security interest against or interest in property in which Debtor has an interest, which is not void or voidable under any state or federal law  including any provision of the Bankruptcy Code, to the extent of the value (determined in  accordance with §506(a) of the Bankruptcy Code) of the interest of the holder of such Allowed  Claim in Debtor's interest in such property, or to the extent of the amount subject to such setoff,  as the case may be.

Tax Claim:    A general unsecured claim (i) that is allowed under §503(b)(1) of the Bankruptcy Code and (ii) that is entitled to priority in payment under §507(a)(1) of the  Bankruptcy Code.

Unsecured Claim:    An Allowed Claim against Debtor incurred prior to its Petition Date which is not: (a) an Allowed Secured Claim; (b) an Administrative Claim; (c) a Priority Claim;  or (d) a Tax Claim.


## B.  CLASSIFICATION OF CLAIMS

All Creditors shall be bound by the provisions of the Plan.   The Schedules, and any prior, pending and/or future objections to the allowance of Claims, and settlements of objections, are incorporated herein by reference as to which Claims are Allowed.   The Allowed Claims are hereby divided into the following Classes:

1. *Class 1 (Impaired)*:   Class 1 consists of the Allowed Secured Claim of Chase Mortgage Company or its successor(s) in interest (secured by 1001 Constitution Avenue, NW);

2. *Class 2 (Impaired)*:   Class 2 consists of the Allowed Secured Claim of Mortgage Company or its successor(s) in interest (secured by 1107 Bellevue Street);

4

3.  *Class 3 (Impaired)*:   Class 3 consists of the Allowed Secured Claim of Fay Servicing

Company or its successor(s) in interest (secured by 708 G Street, SE)

4.  *Class 4 (Impaired)*:   Class 4 consists of the Allowed Secured Claim of Fay Servicing

Company or its successor(s) in interest (secured by 616 Galveston Street, SE);

5.  *Class 5 (Impaired)*:   Class 5 consists of the Allowed Secured Claim of Fay Servicing

Company or its successor(s) in interest (secured by 1016 Barnaby Terrace, SE);

6.  *Class 6 (Impaired)*:   Class 6 consists of the Allowed Secured Claim of Fay Servicing

Company or its successor(s) in interest (secured by 1105 Bellevue Street, SE);

7.  *Class 7 (Impaired)*:   Class 7 consists of the Allowed Secured Claim of Fay Servicing

Company or its successor(s) in interest (secured by 1109 Bellevue Street, SE);

8.  *Class 8 (Impaired)*:   Class 8 consists of the Allowed Secured Claim of Nationstar

Mortgage or its successor(s) in interest (secured by 1147 Bellevue Street, SE);

9.  *Class 9 (Impaired)*:  Class 9 consists of the Allowed Secured Claim of Ocwen Loan

Servicing or its successor(s) in interest (secured by 4716 Blagden Avenue, NW);

10.  *Class 10 (Impaired)*:  Class 10 consists of all Allowed Unsecured Claims.

## C.   TREATMENT OF CLAIMS

The Plan shall treat each Class of Claims as set forth below, except to the extent that

Debtor and the holder of any Claim or Interest may agree to alternate treatment of their respective

Claim or Interest:

1. <u>Class 1</u> (Allowed Secured Claim of Chase Mortgage Company or its successor(s) in interest (secured by 1001 Constitution Avenue, NW):

A. *Lien Rights Preserved* -- The holder of the Class 1 claim shall retain its lien and all rights thereunder, without limitation or modification except as stated herein; the preservation of the rights of the holder of the Class 1 claim as a secured creditor includes the right to force the sale of the collateral securing said claim, or to take possession as a mortgagee in possession, or such other remedies as it may see fit, subject to the availability of those remedies as a matter of contract or applicable non-bankruptcy law, subject to such procedural and substantive limits and defenses as may be applicable by contract or applicable non-bankruptcy law; nothing herein shall confer any additional rights or remedies upon the holder of the Class 1 claim beyond those provided in the extant documents creating and evidencing the lien of the Class 1 creditor, and as may exist under applicable non-bankruptcy law;

B. *Payment of Claim of Class 1 Creditor* – The Class 1 claim shall be paid in full,  in cash, in monthly amortizing payments on a 30-year amortization schedule with a fixed discount/interest rate of 4.25%, beginning on the first business day on the first full calendar  month following the date on which the order confirming this Plan becomes a Final Order, and  continuing thereafter for 360 months until paid in full; the amount of the Claim to be paid hereunder shall be calculated -- subject to objection, if appropriate -- by adding together all amounts due for unpaid principal interest, fees, costs and reasonable attorneys' fees (if any), due as of the Effective Date, and such total shall be the amount paid in accordance with this provision of the Plan; nothing herein shall constitute an  admission of the validity, extent and enforceability of the Class 1 claim, nor a waiver, limitation  or other inhibition on the right of the Debtor to contest the amount of the claim held by the Class  1 creditor, nor to sell the collateral free and clear of all liens, claims and

6

encumbrances, with  such liens, claims and encumbrances to attach to the proceeds only of such

sale, in the same  order of priority and same degree of enforceability and validity as existed

immediately prior to  said sale, without further order of the Court, notice or opportunity to object;

all payments to be  made to the Class 1 creditor maybe made by check, EFT or otherwise, and need

not be certified  by any means;

C. *Impairment* – Class 1 is impaired within the meaning of §1124 of the  Bankruptcy

Code.

2. Class 2 (Allowed Secured Claim of Mortgage Company or its successor(s) in interest,

secured by 1107 Bellevue Street):

A. *Lien Rights Preserved* -- The holder of the Class 2 claim shall retain its lien and

all rights thereunder, without limitation or modification except as stated herein; the preservation

of the rights of the holder of the Class 2 claim as a secured creditor includes the right to force the

sale of the collateral securing said claim, or to take possession as a mortgagee in possession, or

such other remedies as it may see fit, subject to the availability of those remedies as a matter of

contract or applicable non-bankruptcy law, subject to such procedural and substantive limits and

defenses as may be applicable by contract or applicable non-bankruptcy law; nothing herein shall

confer any additional rights or remedies upon the holder of the Class 2 claim beyond those

provided in the extant documents creating and evidencing the lien of the Class 2 creditor, and as

may exist under applicable non-bankruptcy law;

B. *Payment of Claim of Class 2 Creditor* – The Class 2 claim shall be paid in full,  in

cash, in monthly amortizing payments on a 30-year amortization schedule with a fixed

discount/interest rate of 4.25%, beginning on the first business day on the first full calendar  month

following the date on which the order confirming this Plan becomes a Final Order, and  continuing

7

thereafter for 360 months until paid in full; the amount of the Claim to be paid hereunder shall be

calculated -- subject to objection, if appropriate -- by adding together all amounts due for unpaid

principal interest, fees, costs and reasonable attorneys' fees (if any), due as of the Effective Date,

and such total shall be the amount paid in accordance with this provision of the Plan; nothing

herein shall constitute an  admission of the validity, extent and enforceability of the Class 2 claim,

nor a waiver, limitation  or other inhibition on the right of the Debtor to contest the amount of the

claim held by the Class  2 creditor, nor to sell the collateral free and clear of all liens, claims and

encumbrances, with  such liens, claims and encumbrances to attach to the proceeds only of such

sale, in the same  order of priority and same degree of enforceability and validity as existed

immediately prior to  said sale, without further order of the Court, notice or opportunity to object;

all payments to be  made to the Class 2 creditor maybe made by check, EFT or otherwise, and need

not be certified  by any means;

C. *Impairment* – Class 2 is impaired within the meaning of §1124 of the  Bankruptcy

Code.

3. Class 3 (Allowed Secured Claim of Fay Servicing Company or its successor(s) in

interest, secured by 708 G Street, SE):

A. *Lien Rights Preserved* -- The holder of the Class 3 claim shall retain its lien and

all rights thereunder, without limitation or modification except as stated herein; the preservation

of the rights of the holder of the Class 3 claim as a secured creditor includes the right to force the

sale of the collateral securing said claim, or to take possession as a mortgagee in possession, or

such other remedies as it may see fit, subject to the availability of those remedies as a matter of

contract or applicable non-bankruptcy law, subject to such procedural and substantive limits and

defenses as may be applicable by contract or applicable non-bankruptcy law; nothing herein shall

8

confer any additional rights or remedies upon the holder of the Class 3 claim beyond those

provided in the extant documents creating and evidencing the lien of the Class 3 creditor, and as

may exist under applicable non-bankruptcy law;

B.  *Payment of Claim of Class 3 Creditor* – The Class 3 claim shall be paid in full,  in

cash, in monthly amortizing payments on a 30-year amortization schedule with a fixed

discount/interest rate of 4.25%, beginning on the first business day on the first full calendar  month

following the date on which the order confirming this Plan becomes a Final Order, and  continuing

thereafter for 360 months until paid in full; the amount of the Claim to be paid hereunder shall be

calculated -- subject to objection, if appropriate -- by adding together all amounts due for unpaid

principal interest, fees, costs and reasonable attorneys' fees (if any), due as of the Effective Date,

and such total shall be the amount paid in accordance with this provision of the Plan; nothing

herein shall constitute an  admission of the validity, extent and enforceability of the Class 3 claim,

nor a waiver, limitation  or other inhibition on the right of the Debtor to contest the amount of the

claim held by the Class  3 creditor, nor to sell the collateral free and clear of all liens, claims and

encumbrances, with  such liens, claims and encumbrances to attach to the proceeds only of such

sale, in the same  order of priority and same degree of enforceability and validity as existed

immediately prior to  said sale, without further order of the Court, notice or opportunity to object;

all payments to be   made to the Class 3 creditor maybe made by check, EFT or otherwise, and need

not be certified  by any means;

C.  *Impairment* – Class 3 is impaired within the meaning of §1124 of the  Bankruptcy

Code.

4. <u>Class 4</u> (Allowed Secured Claim of Fay Servicing Company or its successor(s) in interest, secured by 616 Galveston Street, SE):

A. *Lien Rights Preserved* -- The holder of the Class 4 claim shall retain its lien and all rights thereunder, without limitation or modification except as stated herein; the preservation of the rights of the holder of the Class 4 claim as a secured creditor includes the right to force the sale of the collateral securing said claim, or to take possession as a mortgagee in possession, or such other remedies as it may see fit, subject to the availability of those remedies as a matter of contract or applicable non-bankruptcy law, subject to such procedural and substantive limits and defenses as may be applicable by contract or applicable non-bankruptcy law; nothing herein shall confer any additional rights or remedies upon the holder of the Class 4 claim beyond those provided in the extant documents creating and evidencing the lien of the Class 4 creditor, and as may exist under applicable non-bankruptcy law;

B. *Payment of Claim of Class 4 Creditor* – The Class 4 claim shall be paid in full,  in cash, in monthly amortizing payments on a 30-year amortization schedule with a fixed discount/interest rate of 4.25%, beginning on the first business day on the first full calendar  month following the date on which the order confirming this Plan becomes a Final Order, and  continuing thereafter for 360 months until paid in full; the amount of the Claim to be paid hereunder shall be calculated -- subject to objection, if appropriate -- by adding together all amounts due for unpaid principal interest, fees, costs and reasonable attorneys' fees (if any), due as of the Effective Date, and such total shall be the amount paid in accordance with this provision of the Plan; nothing herein shall constitute an  admission of the validity, extent and enforceability of the Class 4 claim, nor a waiver, limitation  or other inhibition on the right of the Debtor to contest the amount of the

claim held by the Class  4 creditor, nor to sell the collateral free and clear of all liens, claims and

encumbrances, with  such liens, claims and encumbrances to attach to the proceeds only of such

sale, in the same  order of priority and same degree of enforceability and validity as existed

immediately prior to  said sale, without further order of the Court, notice or opportunity to object;

all payments to be   made to the Class 4 creditor maybe made by check, EFT or otherwise, and need

not be certified  by any means;

C. *Impairment* – Class 4 is impaired within the meaning of §1124 of the  Bankruptcy

Code.

5.  Class 5 (Allowed Secured Claim of Fay Servicing Company or its successor(s) in

interest, secured by 1016 Barnaby Terrace, SE):

A.  *Lien Rights Preserved* -- The holder of the Class 5 claim shall retain its lien and

all rights thereunder, without limitation or modification except as stated herein; the preservation

of the rights of the holder of the Class 4 claim as a secured creditor includes the right to force the

sale of the collateral securing said claim, or to take possession as a mortgagee in possession, or

such other remedies as it may see fit, subject to the availability of those remedies as a matter of

contract or applicable non-bankruptcy law, subject to such procedural and substantive limits and

defenses as may be applicable by contract or applicable non-bankruptcy law; nothing herein shall

confer any additional rights or remedies upon the holder of the Class 5 claim beyond those

provided in the extant documents creating and evidencing the lien of the Class 5 creditor, and as

may exist under applicable non-bankruptcy law;

B.  *Payment of Claim of Class 5 Creditor* – The Class 5 claim shall be paid in full,  in

cash, in monthly amortizing payments on a 30-year amortization schedule with a fixed

discount/interest rate of 4.25%, beginning on the first business day on the first full calendar  month

11

following the date on which the order confirming this Plan becomes a Final Order, and  continuing

thereafter for 360 months until paid in full; the amount of the Claim to be paid hereunder shall be

calculated -- subject to objection, if appropriate -- by adding together all amounts due for unpaid

principal interest, fees, costs and reasonable attorneys' fees (if any), due as of the Effective Date,

and such total shall be the amount paid in accordance with this provision of the Plan; nothing

herein shall constitute an  admission of the validity, extent and enforceability of the Class 5 claim,

nor a waiver, limitation  or other inhibition on the right of the Debtor to contest the amount of the

claim held by the Class  5 creditor, nor to sell the collateral free and clear of all liens, claims and

encumbrances, with  such liens, claims and encumbrances to attach to the proceeds only of such

sale, in the same  order of priority and same degree of enforceability and validity as existed

immediately prior to  said sale, without further order of the Court, notice or opportunity to object;

all payments to be  made to the Class 5 creditor maybe made by check, EFT or otherwise, and need

not be certified  by any means;

      C. *Impairment* – Class 5 is impaired within the meaning of §1124 of the  Bankruptcy

Code.

    6. <u>Class 6</u> (Allowed Secured Claim of Fay Servicing Company or its successor(s) in

interest, secured by 1105 Bellevue Street, SE):

      A. *Lien Rights Preserved* -- The holder of the Class 6 claim shall retain its lien and

all rights thereunder, without limitation or modification except as stated herein; the preservation

of the rights of the holder of the Class 6 claim as a secured creditor includes the right to force the

sale of the collateral securing said claim, or to take possession as a mortgagee in possession, or

such other remedies as it may see fit, subject to the availability of those remedies as a matter of

contract or applicable non-bankruptcy law, subject to such procedural and substantive limits and

defenses as may be applicable by contract or applicable non-bankruptcy law; nothing herein shall

confer any additional rights or remedies upon the holder of the Class 6 claim beyond those

provided in the extant documents creating and evidencing the lien of the Class 6 creditor, and as

may exist under applicable non-bankruptcy law;

B.   *Payment of Claim of Class 6 Creditor* – The Class 6 claim shall be paid in full,  in

cash, in monthly amortizing payments on a 30-year amortization schedule with a fixed

discount/interest rate of 4.25%, beginning on the first business day on the first full calendar  month

following the date on which the order confirming this Plan becomes a Final Order, and  continuing

thereafter for 360 months until paid in full; the amount of the Claim to be paid hereunder shall be

calculated -- subject to objection, if appropriate -- by adding together all amounts due for unpaid

principal interest, fees, costs and reasonable attorneys' fees (if any), due as of the Effective Date,

and such total shall be the amount paid in accordance with this provision of the Plan; nothing

herein shall constitute an  admission of the validity, extent and enforceability of the Class 6 claim,

nor a waiver, limitation  or other inhibition on the right of the Debtor to contest the amount of the

claim held by the Class  6 creditor, nor to sell the collateral free and clear of all liens, claims and

encumbrances, with  such liens, claims and encumbrances to attach to the proceeds only of such

sale, in the same  order of priority and same degree of enforceability and validity as existed

immediately prior to  said sale, without further order of the Court, notice or opportunity to object;

all payments to be  made to the Class 6 creditor maybe made by check, EFT or otherwise, and need

not be certified  by any means;

C.   *Impairment* – Class 6 is impaired within the meaning of §1124 of the  Bankruptcy

Code.

13

7. <u>Class 7</u> (Allowed Secured Claim of Fay Servicing Company or its successor(s) in interest, secured by 1109 Bellevue Street, SE):

A. *Lien Rights Preserved* -- The holder of the Class 7 claim shall retain its lien and all rights thereunder, without limitation or modification except as stated herein; the preservation of the rights of the holder of the Class 7 claim as a secured creditor includes the right to force the sale of the collateral securing said claim, or to take possession as a mortgagee in possession, or such other remedies as it may see fit, subject to the availability of those remedies as a matter of contract or applicable non-bankruptcy law, subject to such procedural and substantive limits and defenses as may be applicable by contract or applicable non-bankruptcy law; nothing herein shall confer any additional rights or remedies upon the holder of the Class 7 claim beyond those provided in the extant documents creating and evidencing the lien of the Class 7 creditor, and as may exist under applicable non-bankruptcy law;

B. *Payment of Claim of Class 7 Creditor* – The Class 7 claim shall be paid in full,  in cash, in monthly amortizing payments on a 30-year amortization schedule with a fixed discount/interest rate of 4.25%, beginning on the first business day on the first full calendar  month following the date on which the order confirming this Plan becomes a Final Order, and  continuing thereafter for 360 months until paid in full; the amount of the Claim to be paid hereunder shall be calculated -- subject to objection, if appropriate -- by adding together all amounts due for unpaid principal interest, fees, costs and reasonable attorneys' fees (if any), due as of the Effective Date, and such total shall be the amount paid in accordance with this provision of the Plan; nothing herein shall constitute an  admission of the validity, extent and enforceability of the Class 7 claim, nor a waiver, limitation  or other inhibition on the right of the Debtor to contest the amount of the claim held by the Class  7 creditor, nor to sell the collateral free and clear of all liens, claims and

14

encumbrances, with  such liens, claims and encumbrances to attach to the proceeds only of such

sale, in the same  order of priority and same degree of enforceability and validity as existed

immediately prior to  said sale, without further order of the Court, notice or opportunity to object;

all payments to be  made to the Class 7 creditor maybe made by check, EFT or otherwise, and need

not be certified  by any means;

   C.  *Impairment* – Class 7 is impaired within the meaning of §1124 of the  Bankruptcy

Code.

  8.  <u>Class 8</u> (Allowed Secured Claim of Nationstar Mortgage or its successor(s) in interest,

secured by 1147 Bellevue Street, SE):

   A.  *Lien Rights Preserved* -- The holder of the Class 8 claim shall retain its lien and

all rights thereunder, without limitation or modification except as stated herein; the preservation

of the rights of the holder of the Class 4 claim as a secured creditor includes the right to force the

sale of the collateral securing said claim, or to take possession as a mortgagee in possession, or

such other remedies as it may see fit, subject to the availability of those remedies as a matter of

contract or applicable non-bankruptcy law, subject to such procedural and substantive limits and

defenses as may be applicable by contract or applicable non-bankruptcy law; nothing herein shall

confer any additional rights or remedies upon the holder of the Class 8 claim beyond those

provided in the extant documents creating and evidencing the lien of the Class 8 creditor, and as

may exist under applicable non-bankruptcy law;

   B.  *Payment of Claim of Class 8 Creditor* – The Class 8 claim shall be paid in full,  in

cash, in monthly amortizing payments on a 30-year amortization schedule with a fixed

discount/interest rate of 4.25%, beginning on the first business day on the first full calendar  month

following the date on which the order confirming this Plan becomes a Final Order, and  continuing

thereafter for 360 months until paid in full; the amount of the Claim to be paid hereunder shall be calculated -- subject to objection, if appropriate -- by adding together all amounts due for unpaid principal interest, fees, costs and reasonable attorneys' fees (if any), due as of the Effective Date, and such total shall be the amount paid in accordance with this provision of the Plan; nothing herein shall constitute an  admission of the validity, extent and enforceability of the Class 8 claim, nor a waiver, limitation  or other inhibition on the right of the Debtor to contest the amount of the claim held by the Class  8 creditor, nor to sell the collateral free and clear of all liens, claims and encumbrances, with  such liens, claims and encumbrances to attach to the proceeds only of such sale, in the same  order of priority and same degree of enforceability and validity as existed immediately prior to  said sale, without further order of the Court, notice or opportunity to object; all payments to be  made to the Class 8 creditor maybe made by check, EFT or otherwise, and need not be certified  by any means;

   C. *Impairment* – Class 8 is impaired within the meaning of §1124 of the  Bankruptcy Code.

   9. <u>Class 9</u> (Allowed Secured Claim of Ocwen Loan Servicing or its successor(s) in interest, secured by 4716 Blagden Avenue, NW):

   A. *Lien Rights Preserved* -- The holder of the Class 9 claim shall retain its lien and all rights thereunder, without limitation or modification except as stated herein; the preservation of the rights of the holder of the Class 9 claim as a secured creditor includes the right to force the sale of the collateral securing said claim, or to take possession as a mortgagee in possession, or such other remedies as it may see fit, subject to the availability of those remedies as a matter of contract or applicable non-bankruptcy law, subject to such procedural and substantive limits and defenses as may be applicable by contract or applicable non-bankruptcy law; nothing herein shall

16

confer any additional rights or remedies upon the holder of the Class 9 claim beyond those

provided in the extant documents creating and evidencing the lien of the Class 9 creditor, and as

may exist under applicable non-bankruptcy law;

      B.  *Payment of Claim of Class 9 Creditor* – **Reinstatement of original terms:** The

Class 9 claim shall be paid in full,  in cash, in monthly amortizing payments as set forth in the

documents originally establishing the repayment terms of this Allowed Secured Claim, with

interest at the rate specified therein, subject to any prior modification agreed upon by the holder of

the Class 9 Allowed Secured Claim, without change, alteration, modification or adjustment,

subject to objection, with regular payments due thereunder commencing on the Effective Date,

and continuing thereafter as specified in said loan documents; **Cure of any arrearages:** any

amounts due as of the Effective Date for unpaid principal, interest, fees, costs, attorneys' fees –

subject to objection – shall be repaid in full, in cash, in monthly installments of equal amounts

payable for a period of 24 months following the Effective Date, without interest, until paid in full,

beginning on the first business day on the first full calendar  month following the date on which

the order confirming this Plan becomes a Final Order; **No admission; right to sell:**  nothing herein

shall constitute an  admission of the validity, extent and enforceability of the Class 9 claim, nor a

waiver, limitation  or other inhibition on the right of the Debtor to contest the amount of the claim

held by the Class  9 creditor, nor to sell the collateral free and clear of all liens, claims and

encumbrances, with  such liens, claims and encumbrances to attach to the proceeds only of such

sale, in the same  order of priority and same degree of enforceability and validity as existed

immediately prior to  said sale, without further order of the Court, notice or opportunity to object;

**Payment:**  all payments to be  made to the Class 9 creditor maybe made by check, EFT or

otherwise, and need not be certified  by any means;

C. *Impairment* – Class 9 is impaired within the meaning of §1124 of the  Bankruptcy Code.

10. <u>Class 10</u> (Allowed Unsecured Claims):

A. *Payment* – All holders of Allowed Unsecured Claims shall receive payment of 10% of the Allowed Amount of each such Unsecured Claim, commencing on the later of (a) the Effective Date, as defined herein, and on two annual successive  anniversaries of the Effective Date, or (b) if a Class 10 Claim is not an Allowed Claim on the  Effective Date, then on the first business day of the first full calendar month following the date  on which the Class 10 Claim becomes an Allowed Unsecured Claim, and thereafter of the  anniversary of the Effective Date, until each holder has received a total of 30% of the amount of  the Allowed Unsecured Claim;

B. *Impairment* – Class 10 is impaired within the meaning of §1124 of the Bankruptcy Code.

## D. ADMINISTRATIVE AND TAX CLAIMS

1. All Allowed Administrative Claims not paid prior to the Effective Date shall be paid,  in full, in cash, on the later of (a) the Effective Date or (b) no more that five (5) business days  after the date on which the order allowing the Administrative Claim becomes a Final Order,  unless the holder of an Administrative Claim and the Debtor agrees to terms different than those   set forth herein.

2. All Allowed Tax Claims shall be paid, in full, in cash, beginning on the later of (a)  the Effective Date or (b) five business days after the date on which the order allowing the Tax  Claim becomes a Final Order.   Each Allowed Tax Claim shall be paid ratably, with interest at  the fixed rate of 3.75%, on a quarterly basis, on the first business day of each, and beginning with  the next,

calendar quarter (January 1, April 1, July 1 and October 1 of each year), until said  Allowed Tax

Claims are paid in full, with payments of the Allowed Tax Claims to be completed  within 40

months of the Effective Date, unless the Debtor and the holder of a Tax Claim agree to  treatment

differing from that set forth herein.

3.  All quarterly fees payable to the Office of the United States Trustee, if not already  paid

in full by the Effective Date, shall be paid in full, in cash, on the Effective Date.

## E.  MEANS FOR EXECUTION OF THE PLAN

1.  Payments to holders of Allowed Claims in the Classes and categories set forth  herein

above shall be made from receipts of the Debtor, generated from employment, commissions, rents,

and other forms of income, plus, if any, such other amounts as are received by the Debtor in the

form of investment, post-Confirmation loans, capital contribution, or by other means.

2.  Payments of all payments due under the Plan shall be made by distribution of cash  and

cash equivalents received by either of them, from whatever source, by regular check.

3.  The Debtor shall serve, without bond, as plan administrator hereunder, for the sole

purpose of making all distributions to creditors under the Plan.

4.  The Debtor reserves the option and right, but under no circumstances shall he be in  any

way obliged, to accelerate the payment, in whole or in part, without penalty or cost, of any or  all

Claims or Classes of Claims under the Plan.

5.  The Debtor reserves the right to settle and compromise Claims of any Creditor  entitled

to payment under this Plan.

## F. ALTERNATE MEANS OF CONFIRMATION

1.   Because all Classes are impaired and entitled to vote on this Plan, and may vote to reject this Plan, if any Class rejects the Plan, then the Debtor may seek Confirmation of the Plan pursuant to §1129(b).

2.   If confirmation under §1129(b) of the Bankruptcy Code is required because any or all  of Classes 1-9 has failed to accept the Plan, then, with respect to each such rejecting Class, that Class shall receive the same treatment as set forth hereinabove.   The Plan shall otherwise be  unchanged in any respect regarding each and every other aspect hereof.

3.   If confirmation under §1129(b) of the Bankruptcy Code is required because only  Class 10 has failed to accept the Plan, then, with respect to Class 10, Class 10 shall receive the same treatment as set forth hereinabove.   The Plan shall otherwise be unchanged in any respect regarding each and every other aspect hereof.

## G.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Prior to substantial consummation of the Plan, the Debtor reserves the right to apply to  the Court for authority to assume or reject all executory contracts and unexpired leases which  have not been assumed or rejected prior to Confirmation or pursuant to the terms of this Plan.

## H.  MODIFICATION AND CONSUMMATION OF THE PLAN

1.   The Debtor reserves the right to modify this Plan in any respect at any time before Confirmation.   After the Debtor files a modification with the Bankruptcy Court, the Plan as modified shall be deemed to be the Plan.

2.   The Debtor may modify this Plan at any time after Confirmation and before  substantial

20

consummation of this Plan.   The Plan as modified under this subsection becomes the   Plan only if

the Bankruptcy Court, after notice and a hearing, confirms the Plan, as modified,   under §1129 of

the Bankruptcy Code and circumstances warrant and authorize such  modification.

3.  Before or after Confirmation, or in the Order of Confirmation, the Debtor may, with

approval of the Bankruptcy Court, and so long as it does not materially and adversely affect the

interests of Creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan

or amend the Plan, in such manner as may be necessary to carry out the purposes and effect of the

Plan.


## I.  POST-CONFIRMATION JURISDICTION OF THE COURT

1.  Upon Confirmation, except to the extent otherwise specified herein, the Debtor shall  be

re-vested with his assets.   The Debtor shall be entitled to manage her assets and affairs  without

further order of the Bankruptcy Court, subject to its obligations hereunder, and shall be  discharged

from all of her debts except as provided for under this Plan.

2.  To the extent not in conflict with the Bankruptcy Code or the Bankruptcy Rules, the

Bankruptcy Court shall retain jurisdiction of these cases for the following purposes:

a.  The classification of the Claim of any Creditor and the re-examination of

Claims which have been allowed for purposes of voting, and the determination of such  objections

as may be filed to the Claims of Creditors.   *The failure of the Debtor to object, or to  examine any*

*Claim for purposes of voting, shall not be deemed a waiver of the Debtor's right to  object to, or to*

*re-examine the Claim in whole or in part.*

b.  Determination of all causes of action, controversies, disputes and conflicts

involving the Debtor or its assets arising prior to Confirmation, whether or not subject to an  action

21

pending as of Confirmation, between the Debtor and any other party, including but not  limited to, any right of the Debtor to recover assets pursuant to the provisions of the Bankruptcy  Code.

        c.  The correction of any defect, the curing of any omission, or the reconciliation  of any inconsistency in this Plan or the Confirmation Order as may be necessary to carry out the  purposes and intent of the Plan.

        d.  The modification of this Plan after confirmation pursuant to the Bankruptcy  Rules and the Bankruptcy Code.

        e.  Enforcement and interpretation of the terms and conditions of this Plan.

        f.  Making such orders as may be necessary or appropriate to carry out the provisions of this Plan.

        g.  The entry of an order concluding and terminating this case.

        h.  The determination and liquidation of all questions and disputes regarding title to or disposition, declaration or recovery of the assets of the Debtor which have not been determined previously by final order.

        i.  The determination of any and all applications for approval of the payment of fees and reimbursement of expenses to professionals rendering services to the Debtor not previously approved or awarded.

    3.  Except as provided in this Article, the Court's jurisdiction shall terminate as to this  case on the Effective Date.

## J.  MISCELLANEOUS

    1.  All applications for allowance of administrative expenses incurred prior to the Confirmation Date, other than by the Debtor's counsel, shall be filed and served on the Debtor  and

22

his attorneys within thirty (30) days of Confirmation of the Plan.

2.  Unless otherwise specified herein, no default shall be declared under this Plan unless  a payment due hereunder is not paid when due and remains unpaid after thirty (30) days  following receipt of notice of such default.   Notice of default shall be of no legal force or effect  unless it is sent by certified mail, return receipt requested, and a copy is sent contemporaneously  by electronic mail, to:

> Jeffrey M. Sherman
> LAW OFFICES OF JEFFREY M. SHERMAN
> 1600 N. Oak Street, #1826
> Arlington, VA 22209
> jeffreymsherman@gmail.com

3.  All Claims arising from the rejection of executory contracts, if any, under the Plan  shall be filed within thirty (30) days after the Effective Date.   Any such Claims not filed within  the required time period shall be disallowed entirely and permanently.

4.  Any party, excluding the Debtor, objecting to Claims that existed or arose on or  before the Petition Dates, or that are listed as undisputed, non-contingent and liquidated in the  Debtor's Schedules, must file such objection within 10 days after the Effective Date of the Plan,  or such objection will be deemed waived.

Dated: August 22, 2017                    Respectfully submitted,


                                          _/S/ Jeffrey M. Sherman_____
                                          Jeffrey M. Sherman, DC Bar 348896
                                          LAW OFFICES OF JEFFREY M. SHERMAN
                                          1600 N. Oak Street, #1826
                                          Arlington, VA 22209
                                          (703) 855-7394
                                          jeffreymsherman@gmail.com
                                          Attorneys for the Debtor